UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BOYD WAYNE MCCLURE,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | )<br>)<br>)<br>)<br>) Nos. 3:20-CV-461<br>)       3:19-CR-106<br>)       3:19-CR-16<br>)<br>) |

## **MEMORANDUM OPINION**

Before the Court is Boyd Wayne McClure's ("Petitioner's") counseled motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket 3:19-CR-106 ("Crim. 1") Doc. 17].[1] The United States has responded in opposition [Doc. 3]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 2]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. 1 Doc. 17] will be **DENIED**.

    **I.**    **BACKGROUND**

On February 5, 2019, Petitioner was indicted for possessing a firearm after having been convicted of a felony. [Criminal Docket 3:19-CR-16 ("Crim. 2") Doc. 1]. On June 19, 2019, Petitioner pled guilty to the indictment. [Crim. 2 Doc. 16]. On June 26, 2019, an

---

[1] Document numbers not otherwise specified refer to the civil docket.

information was filed against Petitioner [Crim. 1 Doc. 1]. On June 26, 2019, after waiving indictment and arraignment, Petitioner pled guilty to an information for possessing a firearm having previously been convicted of a felony. [Crim. 1 Docs. 1 – 4]. The plea agreement was signed by Petitioner and attorney Douglas Trant. [Crim. 1 Doc. 4; Crim. 2 Doc. 19].

In his plea agreement, Petitioner agreed and stipulated to facts which satisfy the elements of the offense. He acknowledged that on August 6, 2018, a Harriman Police Officer observed Petitioner drive past him in a pickup truck pulling a trailer. The officer recognized Petitioner and knew that Petitioner's driver's license was revoked. The officer also noticed that the registration on the trailer was not visible. The officer conducted a traffic stop, and, after pulling Petitioner over, Petitioner immediately exited his vehicle and started walking toward the police cruiser. The officer arrested Petitioner for driving on a revoked license. A search of Petitioner's vehicle incident to arrest revealed a .22 Cricket bolt-action rifle behind the driver's seat. Petitioner has previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year namely: Roane County, Tennessee, convictions for reckless aggravated assault and evading arrest. Petitioner knew that he was a previously convicted felon. An ATF firearms interstate nexus expert examined the firearm possessed by Petitioner, and determined it was manufactured outside of Tennessee, and, therefore, traveled in interstate commerce to be found in the state of Tennessee. [*Id.*].

At the change of plea hearing, Petitioner was arraigned and specifically advised of his rights, his motion to change plea to guilty was granted, he waived the Indictment and

the reading of the Information, he pled guilty to Count 1 of the Information, the Government moved to dismiss the Indictment at sentencing, he was referred for a Presentence Investigative Report ("PSR"), and that he was to remain in custody until his sentencing hearing. [Crim. 1 Doc. 16].

The PSR calculated a total offense level of 23 and a criminal history category of V, resulting in a guideline range of 84 to 105 months. [Crim. 1 Doc. 9, ¶ 121]. The government filed a notice of no objections to the PSR. [Crim. 1 Doc. 7]. The government also filed a sentencing memorandum wherein it concurred that the correct advisory guideline calculation was 84 to 105 months' imprisonment and notified the Court that it intended to call witnesses at the sentencing hearing. [Crim 1 Doc. 10].

Petitioner, through counsel, filed a notice of objections to the PSR, objecting to the two-level enhancement for Petitioner possessing a stolen firearm, the four-level enhancement for possessing a firearm in connection with another felony offense, and the consideration of the habitual motor offender case for Petitioner's criminal history calculation. [Crim. 1 Doc. 8]. Petitioner did not file a sentencing memorandum.

On November 6, 2019, the Court held a sentencing hearing and heard evidence regarding Petitioner's objections to the PSR. Of note, Petitioner argued that the 2- level enhancement for possessing a stolen firearm should not apply because "a court could not increase the Sentencing Guidelines of a defendant on evidence not presented to a jury." [Crim. 1 Doc. 19]. At no point during the hearing did Petitioner allege that the Government had failed to timely disclose that the firearm was stolen. [*See id*.]. The Court sustained Petitioner's objection regarding the 4-level enhancement for possessing a firearm in

3

connection with another felony offense, but overruled Petitioner's objections regarding the enhancement for the stolen firearm and a criminal history point being applied for a certain prior conviction. [Crim. 1 Doc. 19]. The Court then sentenced Petitioner to a total of 70 months' imprisonment followed by three years of supervised release. [Crim. 1 Doc. 13]. Petitioner filed a direct appeal on November 14, 2019, [Crim. 2 Doc. 25] but voluntarily dismissed that appeal on February 28, 2020. [Crim. 2 Doc. 29]. On November 1, 2020, he filed this timely § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v.*

*Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

5

### III. ANALYSIS

As an initial matter, Petitioner raises one claim in this § 2255 motion: 1) prosecutorial misconduct for holding back a sentence aggravating factor which deprived Petitioner from having effective assistance of counsel. [Doc. 1; Crim. 1 Doc. 17].

"Most claims of prosecutorial misconduct address the prosecutor's conduct at trial rather than at sentencing." *United States v. Coker*, 514 F.3d 562, 568 (6th Cir. 2008) (but noting that "[t]he few misconduct claims addressing conduct at a sentencing hearing usually deal with the prosecutor's comments at the sentencing phase of a death penalty case, not the sentencing hearing in a run-of-the-mill [criminal proceeding]"). Not every prosecutorial error amounts to prosecutorial misconduct, and, to succeed on such a claim, the petitioner must show that he or she was prejudiced by the prosecutor's actions. *Id.*

Here, Petitioner cannot show prejudice by the result of any action by the United States. Petitioner's allegation that the United States did not provide information regarding the firearm being stolen is contradicted by the record and is not credited. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In its response, the United States attached the discovery letter it sent to Petitioner's first attorney, Federal Defender Molly Kincaid, on February 5, 2019, well before Petitioner entered into a plea agreement. [Doc. 3, Ex. 1]. The letter indicates that the discovery includes, "ATF report of investigation regarding arrest of McClure with attached Harriman Police Reports (59 pages)." *Id*. The United States also attached the Harriman Police Report detailing Petitioner's arrest which states, "Officer Parham had recently taken a [sic] aggravated burglary report … where a 22 Cricket rifle was stolen. On 8/7/18 the victim …

6

came into the Harriman Police Department and positively identified the rifle to be his, he valued it at $165.00." [Doc. 3, Ex. 2]. As noted above, Petitioner, at the time of sentencing, did not allege prosecutorial misconduct, did not move to withdraw his plea agreement, and did not suggest to the Court that he was unaware that the firearm was stolen prior to changing his plea. Instead, counsel only argued that the enhancement for the firearm being stolen was a fact that must be found by a jury or stipulated to by Petitioner in the plea agreement. [Crim. 1 Doc. 8; *see also* Crim 1 Doc. 19]. Accordingly, Petitioner has not shown actions taken by the United States nor has he established prejudice from any actions that would amount to prosecutorial misconduct. Accordingly, Petitioner's claim will be **DENIED**.

To the extent that Petitioner is asserting an ineffective assistance of counsel claim, Petitioner's claim fails under the prejudice prong as well. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is

"reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner has not asserted that he would have gone to trial but for counsel's misadvice regarding his potential sentencing guideline range. Further, any prejudice that may have resulted from counsel's misadvice was cured by the Court at Petitioner's change of plea hearing. "[E]ven if counsel gives a defendant erroneous information, a defendant is not entitled to relief if the misinformation is 'directly refuted on the record'" during the plea colloquy. *Cadavid-Yepes v. United States*, 635 F. App'x 291, 299 (6th Cir. 2016) (quoting *United States v. Todaro*, 982 F.2d 1025, 1029 (6th Cir. 1993)). A proper plea

8

colloquy, as was held in this case, "cure[s] any misunderstanding [a defendant] may have had about the consequences of his plea." *Id*. at 299–300 (*quoting Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). At the change of plea hearing, the Court advised Petitioner that the Court would determine his sentence and that he may be sentenced to the statutory maximum sentence of 10 years to Life, depending on Petitioner's criminal history. [Crim. 1 Doc. 16]. Petitioner was informed by the Court that his sentence could be enhanced after the PSR was filed, and he agreed that the United States had not made any promises of a specific sentence. [*Id*.]. Petitioner further agreed that there may be other facts relevant to sentencing that were not included in the plea agreement. [*Id*.]. Petitioner thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Accordingly, Petitioner cannot show prejudice and his claim will be **DENIED**.

IV. **CONCLUSION**

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 17] will be **DENIED** and **DISMISSED**.

V. **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be

9

Case 3:19-cr-00106-RLJ-HBG   Document 20   Filed 06/11/21   Page 9 of 10   PageID #: 400

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge